```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
VINCENT MICHAEL MARINO,             :
                                    :
          Petitioner,               :   Civ. No. 19-14168 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN ORTIZ,                       :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Vincent Michael Marino
14431-038
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

    Petitioner Pro se

John Andrew Ruymann, Chief, Civil Division
Jessica Rose O'Neill, AUSA
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Vincent Michael Marino, a prisoner presently confined at FCI Allenwood, Pennsylvania,[1] filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he

---

[1] Petitioner was incarcerated at FCI Fort Dix, New Jersey at the time he filed this petition.

has been "held 19 years over his valid term of imprisonment without due process of law." ECF No. 1 at 1. He also filed a "supplemental motion under Fed. R. Civ. P. 15," ECF No. 13, and a motion for an extension of time to respond to the United States' answer, ECF No. 18.

Respondent United States argues the petition should be dismissed for lack of jurisdiction. ECF No. 15. Petitioner opposes the request. ECF No. 19. For the reasons that follow, the motion for an extension of time is granted, and the Court accepts Petitioner's traverse as within time. The Court will dismiss the petition and motion to supplement for lack of jurisdiction.

I. BACKGROUND

Petitioner, a member of La Cosa Nostra, was charged as part of a 40-count indictment issued in the District of Massachusetts. United States v. Marino, No. 4:97-cr-40009 (D. Mass. Apr. 16, 1997).

> Specifically, Petitioner was charged with: RICO, in violation of 18 U.S.C. §§1962(c) and 2 (Count 1); RICO conspiracy, in violation of 18 U.S.C. §1962(d) (Count 2); conspiracy to murder 14 individuals in aid of racketeering ("VICAR"), in violation of 18 U.S.C. §1959 (Count 3); using and carrying firearms in relation to the Count 3 VICAR conspiracy, in violation of 18 U.S.C. §§924(c) and 2 (Count 4); narcotics trafficking conspiracy, in violation of 21 U.S.C. §846 (Count 30); and using and carrying firearms in relation to the Count 30 drug trafficking conspiracy, in violation of 18 U.S.C. §§924(c) and 2 (Count 31).

2

ECF No. 15 at 2-3.  The United States moved to dismiss Count 30 against Petitioner on the first day of trial.  Id. at 3.  The trial court granted the motion on October 28, 1998.  Marino, No. 4:97-cr-40009 (D. Mass. Oct. 28, 1998).

The jury acquitted Petitioner on Counts 4 and 31 but could not reach an agreement on the other counts.  Id. (Feb. 3, 1999) (ECF No. 707).  The trial court declared a mistrial on the other charges.  Id. (Apr. 29, 1999) (ECF No. 708).  The retrial on the remaining charges began in October 1999, and Petitioner was convicted on all remaining counts.  Id. (Dec. 27, 1999) (ECF No. 1078).  "The special verdict form indicated that the jury found that Petitioner had committed two racketeering acts, both conspiracies: a conspiracy to murder at least 13 people in violation of state law (also charged in Count 3 as a VICAR violation); and a drug trafficking conspiracy, in violation of 21 U.S.C. §846 (the dismissed Count 30)."  ECF No. 15 at 3.  The trial court sentenced Petitioner to "a total term of 420 months. This term consists of terms of 240 months on count 1, 120 months on count 2 and 60 months on count 3, all such terms to be served consecutively to each other."  Marino, No. 4:97-cr-40009 (D. Mass. May 12, 2000) (ECF No. 1151).

The United States Court of Appeals for the First Circuit affirmed the convictions and sentence in a published decision. United States v. Marino, 277 F.3d 11 (1st Cir. 2002).  The

3

Supreme Court denied certiorari.  Marino v. United States, 536 U.S. 948 (2002).

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 in the trial court. Marino, No. 4:97-cr-40009 (D. Mass. July 1, 2003) (ECF No. 1262).  The trial court denied the motion on January 18, 2007, and later denied an unauthorized second or successive motion under § 2255.  Id. (ECF No. 1330).  "Petitioner filed additional subsequent petitions attempting to re-litigate his § 2255 denial; on June 14, 2019, the District Court denied 14 pending motions relating to Petitioner's conviction because he did not have permission to file a second or successive § 2255 petition." ECF No. 15 at 4.  Petitioner has also filed at least one other petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] Marino v. Masters, 707 F. App'x 794 (4th Cir.) (per curiam), cert. denied sub nom. Marino v. Rickard, 139 S. Ct. 462 (2018).

Petitioner argues that he is actually innocent of Counts 1 and 2 "RICO conspiracy because the government failed to prove 2 or more valid predicate acts.  Jury marked proven on Act A1 conspiracy to murder, & cocaine conspiracy Act B.  But cocaine conspiracy was dismissed by both government & court while the jury was sworn in & empaneled.  This should have never been

---

[2] For more cases filed by Petitioner, see ECF No. 15 at 4 n.2.

placed on verdict form . . . ." ECF No. 2 at 6. He also submitted a "supplemental motion under Rule 15" arguing that his sentence violated double jeopardy principles. ECF No. 13.

Respondent United States asserts the Court should dismiss the petition for a lack of jurisdiction under § 2241. ECF No. 15. It argues the claims raised in the petition are duplicative of the claims Petitioner has been litigating since his conviction and sentence and may only be brought in a § 2255 proceeding. Petitioner opposes the motion. ECF No. 19.[3]

II. DISCUSSION

A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

---

[3] Petitioner requested additional time to submit his traverse, ECF No. 18, and filed his traverse shortly thereafter, ECF No. 19. The Court grants Petitioner's motion and accepts the traverse as timely filed.

5

(1972).  A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

    B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner asserts this Court should exercise jurisdiction over the merits of the petition because he "inartfully raised this issue on a 2255 but District Court did not adjudicate this specific issue."  ECF No. 2 at 4.  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of

6

his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ." Id. at 539. See also Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam) (sentencing court's prior denial of identical claims does not render § 2255 remedy "inadequate or ineffective").

Moreover, prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

7

It remains a crime to participate in a RICO conspiracy; therefore, Petitioner fails the first Bruce requirement. Petitioner fails the second because he had prior opportunities to challenge his sentence and any alleged double jeopardy violations either on direct appeal or during his § 2255 proceedings.  In fact, Petitioner raised these arguments on direct appeal, and the First Circuit rejected them.  See United States v. Marino, 277 F.3d 11, 36-39 (1st Cir. 2002) (addressing Marino's sentencing and double jeopardy arguments).  The trial court also noted in response to one of Petitioner's many post-verdict motions the arguments that "the 'predicate act B' and the 'already dismissed count thirty' are identical, the jury should have been precluded from marking certain predicate acts in support of a finding of guilt on Count 3" were required to be put before the First Circuit in an application for permission to file a second or successive § 2255 motion.  Marino, No. 4:97-cr-40009 (D. Mass. Jan. 30, 2009) (ECF No. 1330 at 1-2).

Petitioner's lengthy litigation history shows that he has had several opportunities to raise his claims.  The savings clause does not apply to Petitioner merely because he has not been granted the relief he seeks.  Accordingly, the Court lacks jurisdiction over the petition under § 2241.  Petitioner's pending motion to supplement is dismissed as well.  ECF No. 13.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the First Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the First Circuit as it does not appear that he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the First Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, Petitioner's motion for an extension of time is granted. The petition and motion to supplement are dismissed for lack of jurisdiction.

An appropriate order will be entered.

Dated: July 10, 2020         s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.