```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
VINCENT MICHAEL MARINO,             :
                                    :
         Petitioner,                :   Civ. No. 19-14168 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN ORTIZ,                       :
                                    :
         Respondent.                :
_____ :
```

APPEARANCES:

Vincent Michael Marino
14431-038
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

    Petitioner Pro se

John Andrew Ruymann, Chief, Civil Division
Jessica Rose O'Neill, AUSA
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Vincent Michael Marino moves for reconsideration of this Court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. ECF No. 22. He also moves to supplement his motion with further arguments. ECF No. 23. For the reasons that follow, the motion

to supplement will be granted, and the motion for reconsideration will be denied.

I.  BACKGROUND

Petitioner, a member of La Cosa Nostra, was charged as part of a 40-count indictment returned in the District of Massachusetts.  United States v. Marino, No. 4:97-cr-40009 (D. Mass. Apr. 16, 1997).

> Specifically, Petitioner was charged with: RICO, in violation of 18 U.S.C. §§ 1962(c) and 2 (Count 1); RICO conspiracy, in violation of 18 U.S.C. §1962(d) (Count 2); conspiracy to murder 14 individuals in aid of racketeering ("VICAR"), in violation of 18 U.S.C. §1959 (Count 3); using and carrying firearms in relation to the Count 3 VICAR conspiracy, in violation of 18 U.S.C. §§924(c) and 2 (Count 4); narcotics trafficking conspiracy, in violation of 21 U.S.C. §846 (Count 30); and using and carrying firearms in relation to the Count 30 drug trafficking conspiracy, in violation of 18 U.S.C. §§924(c) and 2 (Count 31).

ECF No. 15 at 2-3.  The United States moved to dismiss Count 30 against Petitioner on the first day of trial.  Id. at 3.  The trial court granted the motion on October 28, 1998.  Marino, No. 4:97-cr-40009 (D. Mass. Oct. 28, 1998).

The jury acquitted Petitioner on Counts 4 and 31 but could not reach an agreement on the other counts.  Id. (Feb. 3, 1999) (ECF No. 707).  The trial court declared a mistrial on the other charges.  Id. (Apr. 29, 1999) (ECF No. 708).  The retrial on the remaining charges began in October 1999, and Petitioner was convicted on all remaining counts.  Id. (Dec. 27, 1999) (ECF No.

1078).  "The special verdict form indicated that the jury found that Petitioner had committed two racketeering acts, both conspiracies: a conspiracy to murder at least 13 people in violation of state law (also charged in Count 3 as a VICAR violation); and a drug trafficking conspiracy, in violation of 21 U.S.C. §846 (the dismissed Count 30)."  ECF No. 15 at 3.  The trial court sentenced Petitioner to "a total term of 420 months.  This term consists of terms of 240 months on count 1, 120 months on count 2 and 60 months on count 3, all such terms to be served consecutively to each other."  Marino, No. 4:97-cr-40009 (D. Mass. May 12, 2000) (ECF No. 1151).

The United States Court of Appeals for the First Circuit affirmed the convictions and sentence in a published decision.  United States v. Marino, 277 F.3d 11 (1st Cir. 2002).  The Supreme Court denied certiorari.  Marino v. United States, 536 U.S. 948 (2002).

In his § 2241 petition, Petitioner argued that he was actually innocent of Counts 1 and 2 "RICO conspiracy because the government failed to prove 2 or more valid predicate acts.  Jury marked proven on Act A1 conspiracy to murder, & cocaine conspiracy Act B.  But cocaine conspiracy was dismissed by both government & court while the jury was sworn in & empaneled.  This should have never been placed on verdict form . . . ."  ECF No. 2 at 6.

The Court dismissed the petition for a lack of jurisdiction under § 2241 after concluding that Petitioner had prior opportunities to raise his challenges to his convictions and sentence either on direct appeal or during his § 2255 proceedings.  ECF No. 20.  Petitioner now moves for reconsideration of that order.  ECF No. 22.[1]

II. DISCUSSION

    A.  Legal Standard

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

---

[1] Petitioner requested permission to file a supplement to his motion for reconsideration.  ECF No. 23.  The motion to supplement will be granted.

4

B.  <u>Analysis</u>

In his motion for reconsideration, Petitioner argues the Court erred in dismissing his actual innocence claim.  He claims the United States and Court conceded the merits of his petition by stating that Count 30 was dismissed at his trial.  ECF No. 22 at 1.  "Marino's act-b/count 30 cocaine conspiracy was VACATED by both the responsents . . . on September 28, 1998 and the District Court (D. Mass) on October 28, 1998."  <u>Id.</u> at 3.  "The [sic] vacatur of predicate racketeering act-b/count 30, invalidated count one:RICO, Count two:RICO conspiracy's enhanced sentences . . . ."  <u>Id.</u> at 6.

The Court concluded it lacked § 2241 jurisdiction because Petitioner raised these arguments on direct appeal, and the First Circuit rejected them.  <u>See</u> <u>United States v. Marino</u>, 277 F.3d 11, 36-39 (1st Cir. 2002) (addressing Marino's sentencing and double jeopardy arguments).  Nothing in the motion for reconsideration changes that reasoning.  "A motion for reconsideration 'may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  <u>Rich v. State</u>, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting <u>P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).  Disagreement with the Court's decision is not a proper

basis for reconsideration.  See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

III. CONCLUSION

For the foregoing reasons, the motion to supplement will be granted.  Petitioner's motion for reconsideration will be denied.

An appropriate order will be entered.

Dated: January 26, 2021       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.