```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
VINCENT MICHAEL MARINO,             :
                                    :
        Petitioner,                 :   Civ. No. 19-14168 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN ORTIZ,                       :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Vincent Michael Marino
14431-038
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887

    Petitioner Pro se

John Andrew Ruymann, Chief, Civil Division
Jessica Rose O'Neill, AUSA
Office of the U.S. Attorney
401 Market Street
4th Floor
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Vincent Michael Marino moves for reconsideration of this Court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. ECF No. 29. For the reasons that follow, the motion for reconsideration will be denied.

I.  BACKGROUND

Petitioner, a member of La Cosa Nostra, was charged as part of a 40-count indictment issued in the District of Massachusetts.  United States v. Marino, No. 4:97-cr-40009 (D. Mass. Apr. 16, 1997).

> Specifically, Petitioner was charged with: RICO, in violation of 18 U.S.C. §§ 1962(c) and 2 (Count 1); RICO conspiracy, in violation of 18 U.S.C. §1962(d) (Count 2); conspiracy to murder 14 individuals in aid of racketeering ("VICAR"), in violation of 18 U.S.C. §1959 (Count 3); using and carrying firearms in relation to the Count 3 VICAR conspiracy, in violation of 18 U.S.C. §§924(c) and 2 (Count 4); narcotics trafficking conspiracy, in violation of 21 U.S.C. §846 (Count 30); and using and carrying firearms in relation to the Count 30 drug trafficking conspiracy, in violation of 18 U.S.C. §§924(c) and 2 (Count 31).

ECF No. 15 at 2-3.  The United States moved to dismiss Count 30 against Petitioner on the first day of trial.  Id. at 3.  The trial court granted the motion on October 28, 1998.  Marino, No. 4:97-cr-40009 (D. Mass. Oct. 28, 1998).

The jury acquitted Petitioner on Counts 4 and 31 but could not reach an agreement on the other counts.  Id. (Feb. 3, 1999) (ECF No. 707).  The trial court declared a mistrial on the other charges.  Id. (Apr. 29, 1999) (ECF No. 708).  The retrial on the remaining charges began in October 1999, and Petitioner was convicted on all remaining counts.  Id. (Dec. 27, 1999) (ECF No. 1078).  "The special verdict form indicated that the jury found that Petitioner had committed two racketeering acts, both

2

conspiracies: a conspiracy to murder at least 13 people in violation of state law (also charged in Count 3 as a VICAR violation); and a drug trafficking conspiracy, in violation of 21 U.S.C. § 846 (the dismissed Count 30)." ECF No. 15 at 3. The trial court sentenced Petitioner to "a total term of 420 months.  This term consists of terms of 240 months on count 1, 120 months on count 2 and 60 months on count 3, all such terms to be served consecutively to each other." Marino, No. 4:97-cr-40009 (D. Mass. May 12, 2000) (ECF No. 1151).

The United States Court of Appeals for the First Circuit affirmed the convictions and sentence in a published decision. United States v. Marino, 277 F.3d 11 (1st Cir. 2002).  The Supreme Court denied certiorari.  Marino v. United States, 536 U.S. 948 (2002).

In his § 2241 petition, Petitioner argued that he was actually innocent of Counts 1 and 2 "RICO conspiracy because the government failed to prove 2 or more valid predicate acts.  Jury marked proven on Act A1 conspiracy to murder, & cocaine conspiracy Act B.  But cocaine conspiracy was dismissed by both government & court while the jury was sworn in & empaneled. This should have never been placed on verdict form . . . ." ECF No. 2 at 6.

The Court dismissed the petition for a lack of jurisdiction under § 2241.  ECF No. 20.  Petitioner moved for reconsideration

3

of that order, ECF No. 22, which this Court denied, ECF No. 27. Petitioner subsequently filed a second motion for reconsideration.  ECF No. 29.

II. DISCUSSION

    A.  Legal Standard

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

    B.  Analysis

Petitioner's motion for reconsideration raises a new claim challenging the conditions of confinement at FCI Allenwood, Pennsylvania.  ECF No. 29.  This claim is not related to the actual innocence claim Petitioner originally submitted in his § 2241 petition.  To the extent this challenge can be brought

4

under § 2241, see Whiteside v. Fort Dix Fed. Prison, No. 20-5544, 2021 WL 2935363 (D.N.J. July 13, 2021), Petitioner would have to file in the Middle District of Pennsylvania as FCI Allenwood is in that district.  The Court declines to transfer the motion as Petitioner has already filed a similar request in the Middle District.  See Marino v. Howard, No. 3:20-1501 (M.D. Pa. Jan. 5, 2022) (ECF No. 40).

III. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration will be denied.  An appropriate order will be entered.

Dated: January 19, 2022            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

5